of the entry of the interlocutory judgment. The service of the answer in the form herein by the defendant widow precluded her from having recourse to the different form of remedy available to her under article 14 of the Real Property Law and the sections thereof. (*Matter of Garver*, 176 N. Y. 386; *Whalen* v. *Stuart*, 194 id. 495; *Terry* v. *Munger*, 121 id. 161; *Conrow* v. *Little*, 115 id. 387, 393; *Rodermund* v. *Clark*, 46 id. 354; *Einstein* v. *Dunn*, 61 App. Div. 195; affd., 171 N. Y. 648; 20 C. J. 29, and cases cited.) Hagarty, Carswell and Davis, JJ., concur; Lazansky, P. J., concurs in result; Kapper, J., dissents and votes to reverse upon the ground that the service of the answer was not an irrevocable election estopping the widow from seeking the benefits of the provisions of article 14 of the Real Property Law.

Rose Miller, as Administratrix, etc., of John Miller, Deceased, Respondent, v. Amalgamated Laundries, Inc., Appellant.*— Judgment and order affirmed, with costs. No opinion. Lazansky, P. J., Young and Scudder, JJ., concur; Carswell, J., dissents for the following reason: John Miller was not competent to become a party to a common-law marriage in New York. That which is stated to have happened in New Jersey does not establish a common-law marriage in New Jersey. Davis, J., dissents, with the following memorandum: No common-law marriage was established either in law or in fact. There could be no common-law marriage by agreement alone. The completion of the contract, if any agreement to marry was made in New Jersey, occurred in New York, where the reputed husband was incapable of entering into a marriage contract.

Charles Nessler, Respondent, v. George H. Eichelberger, Appellant.— Appeal withdrawn upon stipulation of counsel. Present — Lazansky, P. J., Kapper, Scudder, Tompkins and Davis, JJ.

The People of the State of New York, Respondent, v. Vincent D'Amato, Appellant.— Judgment of conviction of the County Court of Kings county unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Tompkins and Davis, JJ.

The People of the State of New York, Respondent, v. Joseph Lupo, Appellant.— Judgment of conviction of the County Court of Kings county unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Tompkins and Davis, JJ.

The People of the State of New York, Respondent, v. Jacob Maislish, Appellant.— Judgment of conviction of the County Court of Kings county unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Tompkins and Davis, JJ.

The People of the State of New York, Respondent, v. Louis Pine, Appellant.— Judgment of conviction of the County Court of Rockland county unanimously affirmed. No opinion. Carswell, Scudder and Davis, JJ., concur; Lazansky, P. J., and Young, J., concur under section 542 of the Code of Criminal Procedure, with reference to the use of Exhibits 3 and 4 by the district attorney.

Philip Rothman, Respondent, v. Goldstein-Fisher Co., Inc., Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Tompkins and Davis, JJ.

Philip Tamburrino, Respondent, v. Jayen Building Corporation, Appellant, and Sam Shapiro and Joseph Stolman, Copartners, Doing Business under the Firm Name and Style of Shapiro & Stolman, Defendants.†— Judgment affirmed,

* Affd., 257 N. Y. 588.                              † Affd., 257 N. Y. 587.

with costs. No opinion. Kapper, Hagarty, Carswell and Davis, JJ., concur; Lazansky, P. J., dissents and votes for reversal upon the ground that there is no proof in the case that the general contractor knew or had reason to know that the place where the accident happened was to be used for the purpose for which it was used.

CHARLES S. THIDE, on Behalf of Himself and All Other Members of the Moving Picture Machine Operators' Union of Greater New York, Local No. 306, of International Alliance of Theatrical Stage Employees and Moving Picture Operators of the United States and Canada, Respondent, v. SAM KAPLAN, as President of Moving Picture Machine Operators' Union of Greater New York, Local 306, of International Alliance of Theatrical Stage Employees and Moving Picture Operators of the United States and Canada; SAM KAPLAN, Individually, and Others, Appellants.— Resettled order granting, upon condition, motion for substitution of parties plaintiff affirmed, in so far as appealed from, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ., concur.

TILLIE WASSERMAN, Respondent, v. ROBERT LUPTON, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Scudder and Davis, JJ.

LENA SUSSMAN, Respondent, v. MARY GRAND, Appellant.— Motion for stay granted upon condition that within five days from the entry of the order herein defendant stipulate that the issue be deemed joined twenty days after service of the summons and complaint if the order from which the appeal is taken be affirmed; in the event of the filing of such stipulation defendant may have ten days to answer from the determination of the appeal if the order be affirmed; otherwise, motion for stay denied, with ten dollars costs. Present — Lazansky, P. J., Kapper, Scudder, Tompkins and Davis, JJ.

DRAPER C. ALLEN, Appellant, v. MEEKER ENGINEERING CORPORATION, Respondent.— Order denying plaintiff's motion for a preference affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper, Scudder, Tompkins and Davis, JJ., concur.

EDWARD C. BADEAU, Respondent, v. CHARLES R. LEONARD and Others, General Partners, and HARRY W. FREY, a Limited Partner, Doing Business under the Firm Name and Style of MOORE, LEONARD & LYNCH, Appellants. (Action No. 4.) — Order directing examination before trial modified by providing that any two of the defendants, to be designated by plaintiff, appear for examination at the same time, and that from time to time thereafter the other defendants appear, two at a time as required by the plaintiff, until all shall have been examined, if the plaintiff desires to take the depositions of all. As so modified, the order is affirmed, without costs. The examination of the first two defendants, and of each set of two defendants, thereafter to proceed on five days' notice. No opinion. Lazansky, P. J., Kapper, Scudder, Tompkins and Davis, JJ., concur.

CHARLES D. BECKWITH, Appellant, v. CHARLES MACDONALD, as County Engineer of the County of Westchester, and Others, Respondents.— Order denying motion for injunction pendente lite affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper, Scudder, Tompkins and Davis, JJ., concur.

CHARLES BERG, Respondent, v. FANNIE WEINSTEIN, Also Known as "FANNIE